Kenneth J. Abere, Jr., OSB No. 942345
kabere@cosgravelaw.com
Amber A. Beyer, OSB No. 173045
abeyer@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:     (503) 323-9000
Facsimile:     (503) 323-9019

    Attorneys for Defendant DFA Dairy
    Brands Transportation LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JULIE REILLY, | Case No. |
|       Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF ACTION** |
| DFA DAIRY BRANDS ICE CREAM, LLC & WINCO FOODS, LLC, | **DEMAND FOR JURY TRIAL** |
|       Defendants. | |

    Defendant DFA Dairy Brands Ice Cream, LLC ("Dairy") removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.[1] This Court has diversity jurisdiction of this case because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000. This action should therefore proceed before this Court.

---

[1] By filing this notice, Dairy does not waive, and specifically reserves, all defenses and exceptions to this action.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

## I.  BACKGROUND

1.      On July 26, 2022, plaintiff Julie Reilly filed a Complaint, Case Number 22CV24569, in the Circuit Court of Multnomah County, Oregon.  In the Complaint, plaintiff asserts claims for product liability, negligence, negligence per se, and breach of implied warranty against defendants DFA Dairy Brands Transportation, LLC and Winco Foods, LLC ("Winco"). On August 29, 2022, plaintiff filed an Amended Complaint (the "Complaint"), naming the proper defendant, DFA Dairy Brands Ice Cream, LLC ("Dairy").

2.      A true and correct copy of all process, pleadings, and orders served on Dairy in Case Number 22CV24569 in the Circuit Court of Multnomah County, Oregon, is attached hereto as Exhibit A.

3.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000.  *See* 28 U.S.C. § 1332(a)(1) (granting federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States").

## II.  DIVERSITY JURISDICTION

### A.      The Parties Are Diverse

4.      Based on the allegations of the Complaint, Plaintiff is a citizen of Oregon for diversity purposes.  Complaint at ¶ 1.

5.      The Complaint correctly states that Dairy is a foreign limited liability company. *See* Complaint at ¶ 3.  Dairy is incorporated in the state of Delaware and maintains its principal place of business in Kansas.  Declaration of Joshua Garcia, ¶ 2.  Accordingly, Dairy is a citizen of Delaware and Kansas for the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business….").

6.      Additionally, the Complaint correctly states that defendant Winco is a foreign limited liability company.  *See* Complaint at ¶ 2.  Winco is incorporated in the state of Delaware

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

and maintains its principal place of business in Idaho.  Declaration of Kenneth J. Abere, Jr., Ex.
B.  Accordingly, Winco is a citizen of Delaware and Idaho for the purposes of diversity
jurisdiction.

7.      Based on the foregoing, there is complete diversity of citizenship between the
parties.

**B.      The Amount in Controversy Exceeds $75,000**

8.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.
Viewing Plaintiff's allegations as a whole and from the Plaintiff's perspective, the amount of
damages sought in this action exceeds $75,000.

9.      In determining whether the amount in controversy is met, "[t]he district court may
consider whether it is 'facially apparent' from the complaint that" the amount is met.  *Singer v.
State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  "If not, the court may
consider facts in the removal petition, and may 'require the parties to submit summary-judgment-
type evidence relevant to the amount in controversy at the time of removal.'"  *Id.*

10.      "[C]ourts may use judicial experience and common sense in determining whether
it is facially apparent that the amount in controversy is satisfied, and courts should conduct an
independent appraisal of the allegations of the complaint."  *See Samsky v. State Farm Mut. Auto.
Ins. Co.*, No. 219CV00992CASJPRX, 2019 WL 1488737, at *3 (C.D. Cal. Apr. 3, 2019).

11.      The Complaint alleges that defendants are responsible to Plaintiff for her injuries
she has allegedly sustained.[2]  Specifically, the Complaint alleges that defendants caused
plaintiff's tooth to break, requiring dental/oral surgery, and causing her pain and inconvenience.
*See* Complaint, ¶¶ 4, 8, 14, 17, 22, 27, 33, 36, 41.  The Complaint seeks to recover judgment for
$15,000.00 in economic damages for and $100,000.00 for non-economic damages.  *Id.* at ¶ 41.

12.      Plaintiff's demand for damages up to $115,000.00 indicates she is seeking
damages well beyond the $75,000 jurisdictional threshold.

---

[2] Dairy does not admit these allegations.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

13.     Because the allegations in the Complaint establish that Plaintiff is seeking up to $115,000.00 in damages and that plaintiff has suffered injuries and pain for which recovery is foreseeable, it is "more likely than not" that the amount in controversy in this case exceeds $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional threshold].").

14.     The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Dairy may remove this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

### III.  CONCLUSION

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Multnomah County, Oregon, as required by 28 U.S.C. § 1446.  Concurrent with the filing of this Notice of Removal, Dairy has served Plaintiff with a copy of Dairy's Notice of Removal to Federal Court.

WHEREFORE, Dairy seeks that Case Number 22CV24569 in the Circuit Court of Multnomah County, Oregon, be removed to and proceed in this Court and that no further proceeding be had in this case in the Circuit Court proceeding.

DATED:  September 7, 2022.

COSGRAVE VERGEER KESTER LLP

*s/ Kenneth J. Abere, Jr.*

Kenneth J. Abere, Jr., OSB No. 942345
kabere@cosgravelaw.com
Amber A. Beyer, OSB No. 173045
abeyer@cosgravelaw.com
900 SW Fifth Avenue, 24th Floor
Portland, OR 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019
Attorneys for Defendant DFA Dairy Brands Ice Cream, LLC

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: 503-323-9000
Facsimile: 503-323-9019

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

JULIE REILLY,

                Plaintiff

            v.

DFA DAIRY BRANDS TRANSPORTATION,
LLC & WINCO FOODS, LLC

                Defendant.

Case No.: 22CV24569

SUMMONS

**TO:**    **DFA DAIRY BRANDS TRANSPORTATON, LLC**
        **c/o Corporation Service Co**
        **1127 Broadway St, Ste 310**
        **Salem, OR 97301,**

        You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days, along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Matthew J. Rizzo
ATTORNEY'S/AUTHOR'S NAME        BAR NO.
950230

Law Office of Matthew Rizzo LLC
850 SE 3rd Ave, Ste 302
Portland, Oregon 97214
Tel: 503-405-9723

_____
Trial Attorney if Other than Above    BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY FOR PLAINTIFF(S)

Law Office of Matthew Rizzo LLC
850 SE 3rd Ave, Ste 302
Portland, Oregon 97214
Tel. and Fax: 503-405-9723, 503-296-5447

7/26/2022 11:46 AM
22CV24569

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JULIE REILLY<br><br>Plaintiff,<br><br>v.<br><br>DFA DAIRY BRANDS TRANSPORTATION, LLC & WINCO FOODS, LLC,<br><br>Defendants. | CASE NO.<br>COMPLAINT – PRODUCT LIABILITY/ NEGLIGENCE/BREAC OF IMPLIED WARRANTY OF MERCHANTABILITY – $110,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Fee Authority ORS 20.160(c) |

**FACTS COMMON TO BOTH CLAIMS**

1.

Plaintiff is a resident of Multnomah County.

2.

Defendant Winco Foods LLC ("Winco") is foreign limited liability company regularly conducting business in Multnomah County, Oregon.

3.

Defendant DFA Dairy Brands Transportation, LLC ("Dairy Brands") is a foreign limited liability company conducting business in Multnomah County, Oregon.

4.

On or about September 14, 2020, Plaintiff purchased a container of cherry Bordeaux ice cream from a Winco store located at 2511 SE 1st Street, Gresham, OR.

Page 1 of 9 - COMPLAINT

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1   Unbeknownst to Plaintiff, one of the cherries contained an entire pit.  When Plaintiff bit

2   into the cherry pit, she cracked one of her right molar teeth.

3          **FIRST CLAIM FOR RELIEF:  STRICT LIABILITY - DAIRY BRANDS**

4                5.

5         Under ORS 30.920, a seller of any product in a defective condition, unreasonably

6   dangerous to the consumer, is subject to liability for physical harm to the consumer if

7   the seller is engaged in the business of selling such a product, and the product is

8   expected to and does reach the consumer without substantial change in the condition in

9   which it is sold.

10               6.

11        The presence of a complete pit in one of the ice cream's cherries constituted a

12  defective condition that rendered the cherry/ice cream unreasonably dangerous to the

13  consumer. The cherry/ice cream was expected to and did reach the consumer without

14  substantial change in the condition in which it was sold.

15               7.

16        As the producer of ice cream, Dairy Brands is strictly liable under ORS 30.920 for

17  the reasonably foreseeable harms to Plaintiff suffered, described below.

18               8.

19        As the seller of ice cream, Dairy Brands is strictly liable under ORS 30.920 for the

20  reasonably foreseeable damages Plaintiff suffered, described below.

21      **SECOND CLAIM FOR RELIEF:  NEGLIGENCE PER SE -  DAIRY BRANDS**

22               9.

23        Plaintiff realleges paragraphs 1-8.

24              10.

25        The State of Oregon prohibits the manufacture, sale, delivery, holding or offering

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

for sale of any food that is adulterated. ORS 616.215(1). Among other things, a food is deemed adulterated if it contains any deleterious substance which may render it injurious to health. ORS 616.235(1)(a). A food also is deemed adulterated if it bears or contains any nonnutritive substance. ORS 616.235(3)(c).

11.

By producing the ice cream that contained the unpitted cherry, Dairy Brands has violated the statutory prohibition of ORS 616.215.

12.

By selling the ice cream that contained the unpitted cherry, Dairy Brands has violated the statutory prohibition of ORS 616.215.

13.

As a consumer, Plaintiff is a member of the class of persons intended to be protected by ORS 616.215, and the injuries she suffered were of the kind that ORS 616.215 was intended to prevent. By violating ORS 616.215, Dairy Brands was negligent per se with respect to the injuries Plaintiff suffered.

14.

As a direct result of Dairy Brands' negligence per se, Plaintiff has suffered reasonably foreseeable damages, described below.

**THIRD CLAIM FOR RELIEF:  NEGLIGENCE - DAIRY BRANDS**

15.

Plaintiff realleges paragraphs 1-14.

16.

The injuries that Plaintiff sustained from the unpitted cherry in the ice cream were a direct result of Dairy Brands unreasonable and negligent conduct in general and in one or more of the following particulars, by and through the actions and/or inactions of its employees and/or agents acting within the course and scope of their employment

Page 3 of 9 - COMPLAINT

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1   and/or agency:

2        (a) Dairy Brands knew or should have known about the hazards and risks of an

3   unpitted cherry in ice cream, and failed to provide adequate safeguards

4   (including proper training of employees) to prevent selling ice cream containing cherry pits

5   unpitted cherries;

6        (b) Dairy Brands failed to adequately inspect and discover the unpitted cherry even

7   though the cherry pit jar's label warned of potential pit fragments;

8        (c) Dairy Brands failed to adequately warn customers of the possibility of

9   encountering whole pits; and

10       (d) Dairy Brands failed to properly keep unpitted cherries out of its ice cream.

11                                17.

12       As a result of Defendant's negligence, Plaintiff sustained the reasonably

13   foreseeable injuries and damages alleged below.

14       **FOURTH CLAIM FOR RELIEF:  BREACH OF IMPLIED WARRANTY OF**

15                **MERCHANTABILITY – DAIRY BRANDS**

16                                18.

17       Plaintiff realleges paragraphs 1-17.

18

19                                19.

20       At all material times, Dairy Brands was a merchant within the meaning of ORS

21   72.1040(1) with respect to the ice cream.

22                                20.

23       Dairy Brands breached the implied warranty of merchantability set forth at ORS

24   72.3140 and the implied warranty of fitness set forth at ORS 72.3150 by selling Plaintiff

25   the ice cream, which would not pass without objection in the trade under the contract

Page 4 of 9 - COMPLAINT

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1   description was not fit for the ordinary purposes for which such goods are used and did

2   not conform to the promises or affirmations of fact made on the menu.

3                                           21.

4        As a direct result of the breaches described above, Plaintiff suffered the

5   reasonably foreseeable damages, described below.

6                                           22.

7        As a result of Defendant's strict liability, negligence per se, negligence, and

8   violations of the implied warranties of merchantability and fitness, one of Plaintiff's

9   teeth broke, requiring surgical repair. Plaintiff incurred approximately $15,000 in

10  dental/oral surgery charges and seek this amount in economic damage. She also seeks a

11  reasonable amount, in no event to exceed $100,000, in non-economic damages for her

12  pain and inconvenience.

13                **FIFTH CLAIM FOR RELIEF:  STRICT LIABILITY -  WINCO**

14                                          23.

15       Plaintiff realleges paragraphs 1-22.

16                                          24.

17       Under ORS 30.920, a seller of any product in a defective condition, unreasonably

18  dangerous to the consumer, is subject to liability for physical harm to the consumer if

19  the seller is engaged in the business of selling such a product, and the product is

20  expected to and does reach the consumer without substantial change in the condition in

21  which it is sold.

22                                          25.

23       The presence of a complete pit in one of the ice cream's cherries constituted a

24  defective condition that rendered the cherry/ice cream unreasonably dangerous to the

25

Page 5 of 9 - COMPLAINT

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1  consumer. The cherry/ice cream was expected to and did reach the consumer without

2  substantial change in the condition in which it was sold.

3                                          26.

4      As the producer of ice cream, Winco is strictly liable under ORS 30.920 for the

5  reasonably foreseeable harms to Plaintiff suffered, described below.

6                                          27.

7      As the seller of ice cream, Winco is strictly liable under ORS 30.920 for the

8  reasonably foreseeable damages Plaintiff suffered, described below.

9          **SIXTH CLAIM FOR RELIEF:  NEGLIGENCE PER SE - WINCO**

10                                         28.

11     Plaintiff realleges paragraphs 1-27.

12                                         29.

13     The State of Oregon prohibits the manufacture, sale, delivery, holding or offering

14  for sale of any food that is adulterated. ORS 616.215(1). Among other things, a food is

15  deemed adulterated if it contains any deleterious substance which may render it

16  injurious to health. ORS 616.235(1)(a). A food also is deemed adulterated if it bears or

17  contains any nonnutritive substance. ORS 616.235(3)(c).

18                                         30.

19     By producing the ice cream that contained the unpitted cherry, Winco has violated
    the statutory prohibition of ORS 616.215.

20

21                                         31.

     By selling the ice cream that contained the unpitted cherry, Winco has violated

22  the statutory prohibition of ORS 616.215.

23                                         32.

24     As a consumer, Plaintiff is a member of the class of persons intended to be

25  protected by ORS 616.215, and the injuries she suffered were of the kind that

Page 6 of 9 - COMPLAINT

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1  ORS 616.215 was intended to prevent. By violating ORS 616.215, Winco was

2  negligent per se with respect to the injuries Plaintiff suffered.

3                                     33.

4       As a direct result of Winco's negligence per se, Plaintiff has suffered

5  reasonably foreseeable damages, described below.

6              **SEVENTH CLAIM FOR RELIEF:  NEGLIGENCE - WINCO**

7                                     34.

8       Plaintiff realleges paragraphs 1-33.

9                                     35.

10      The injuries that Plaintiff sustained from the unpitted cherry in the ice cream were a

11  direct result of Winco's unreasonable and negligent conduct in general and in one or

12  more of the following particulars, by and through the actions and/or inactions of its

13  employees and/or agents acting within the course and scope of their employment

14  and/or agency:

15      (a) Winco knew or should have known about the hazards and risks of an

16  unpitted cherry in ice cream, and failed to provide adequate safeguards

17  (including proper training of employees) to prevent selling ice cream containing

18  unpitted cherries;

19      (b) Winco failed to adequately inspect and discover the unpitted cherry even

20  though the cherry pit jar's label warned of potential pit fragments;

21      (c) Winco failed to adequately warn customers of the possibility of

22  encountering whole pits; and

23      (d) Winco failed to properly keep unpitted cherries out of its ice cream.

24  ///

25  ///

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

36.

As a result of Defendant's negligence, Plaintiff sustained the reasonably foreseeable injuries and damages alleged below.

**EIGHTH CLAIM FOR RELIEF:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY -  WINCO**

37.

Plaintiff realleges paragraphs 1-36.

38.

At all material times, Winco was a merchant within the meaning of ORS 72.1040(1) with respect to the ice cream.

39.

Winco breached the implied warranty of merchantability set forth at ORS 72.3140 and the implied warranty of fitness set forth at ORS 72.3150 by selling Plaintiff the ice cream, which would not pass without objection in the trade under the contract description was not fit for the ordinary purposes for which such goods are used and did not conform to the promises or affirmations of fact made on the menu.

40.

As a direct result of the breaches described above, Plaintiff suffered the reasonable foreseeable damages, described below.

41.

As a result of Defendant's strict liability, negligence per se, negligence, and violations of the implied warranties of merchantability and fitness, one of Plaintiff's teeth broke, requiring surgical repair. Plaintiff incurred approximately $15,000 in dental/oral surgery charges and seek this amount in economic damage. She also seeks a

Page 8 of 9 - COMPLAINT

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

Exhibit A - Page 9 of 22

1    reasonable amount, in no event to exceed $100,000, in non-economic damages for her

2    pain and inconvenience.

3

4    WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

5        1)  Noneconomic damages in a sum not more than $100,000;

6        2)  Economic damages for past, reasonable and necessary medical expenses in

7            the approximate amount of $15,000, with additional amounts to be proven at

8            trial;

9        3)  Plaintiff's costs and disbursements herein;

10       4)  Post-judgment interest; and

11       5)  Whatsoever other relief this court finds just and necessary.

12       DATED this July 26, 2022.

13                                   /s/Matthew J. Rizzo

14                                   _____
                                     Matthew J. Rizzo, OSB #950230
15                                   Email: mrizzo@rizzolawportland.com
                                     Trial Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JULIE REILLY | CASE NO. 22CV24569 |
| Plaintiff, | |
| v. | STIPULATION TO FILE 1ST AMENDED COMPLAINT |
| DFA DAIRY BRANDS TRANSPORTATION, LLC & WINCO FOODS, LLC, | |
| Defendant. | |

By and through their respective counsel, the parties hereby stipulate and agree to the filing of Plaintiff's 1st Amended Complaint.

IT IS SO STIPULATED:

/s/Matthew J. Rizzo
_____

Matthew J. Rizzo
OSB No. 950230
Attorney for Plaintiff
mrizzo@rizzolawportland.com

/s/Kenneth Abere, Jr.
_____

Kenneth Abere, Jr.
OSB No. 942345
Attorney for Defendant DFA
kabere@cosgravelaw.com

/s/Elizabeth K. Rhode
_____

Elizabeth K. Rhode
OSB No. 090762
Attorney for defendant Winco
erhode@gillaspyrhode.com

Page 1 of 2 -

**Law Office of Matthew Rizzo LLC**
850 SE 3rd Ave, STE 302
PORTLAND, OREGON 97214
TELEPHONE: (503) 405-9723
EMAIL: mrizzo@rizzolawportland.com

Exhibit A - Page 11 of 22

1

2

### CERTIFICATE OF SERVICE

3          I hereby certify that I served a true copy of the foregoing **STIPULATION TO**

4   **FILE 1ST AMENDED COMPLAINT** on the following named person(s) on the date

5   indicated below, by

6          [          ] mailing by First Class mail with postage prepaid;

7          [          ] by Certified mail;

8          [          ] by hand delivery;

9          [          ] by hand delivery at the MULTNOMAH County Courthouse;

10         [          ] by facsimile transmission;

11         [          ] by overnight delivery;

12         [   X    ] by emailing the documents in an attachment

13

14  Kenneth J. Abere, Jr.
    Cosgrave Vergeer Kester
15  kabere@cosgravelaw.com

16
    Elizabeth Rhode
17  Gillaspy Rhode
    erhode@gillaspyrhode.com
18

19         DATED August 23, 2022:

20                                    /s/Matthew Rizzo

21                                    _____

22                                    Matthew Rizzo, OSB # 950230
                                      Trial Attorney for Plaintiff
23

24

25

Page 2 of 2 -

**Law Office of Matthew Rizzo LLC**
850 SE 3rd Ave, STE 302
PORTLAND, OREGON  97214
TELEPHONE:  (503) 405-9723
EMAIL: mrizzo@rizzolawportland.com

Exhibit A - Page 12 of 22

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JULIE REILLY | CASE NO.  22CV24569 |
| Plaintiff, | 1ST AMENDED COMPLAINT – PRODUCT LIABILITY/NEGLIGENCE/BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – $115,000.00 |
| v. | |
| DFA DAIRY BRANDS ICE CREAM, LLC & WINCO FOODS, LLC, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendants. | Fee Authority ORS 20.160(1)(c) |

**FACTS COMMON TO BOTH CLAIMS**

1.

Plaintiff is a resident of Multnomah County.

2.

Defendant Winco Foods LLC ("Winco") is foreign limited liability company regularly conducting business in Multnomah County, Oregon.

3.

Defendant DFA Dairy Brands Ice Cream, LLC ("Dairy Brands") is a foreign limited liability company conducting business in Multnomah County, Oregon.

4.

On or about September 14, 2020, Plaintiff purchased a container of cherry Bordeaux ice cream from a Winco store located at 2511 SE 1st Street, Gresham, OR.

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1  Unbeknownst to Plaintiff, one of the cherries contained an entire pit.  When Plaintiff bit
2  into the cherry pit, she cracked one of her right molar teeth.

3          **FIRST CLAIM FOR RELIEF:  STRICT LIABILITY - DAIRY BRANDS**

4                                            5.

5          Under ORS 30.920, a seller of any product in a defective condition, unreasonably
6  dangerous to the consumer, is subject to liability for physical harm to the consumer if
7  the seller is engaged in the business of selling such a product, and the product is
8  expected to and does reach the consumer without substantial change in the condition in
9  which it is sold.

10                                           6.

11         The presence of a complete pit in one of the ice cream's cherries constituted a
12  defective condition that rendered the cherry/ice cream unreasonably dangerous to the
13  consumer. The cherry/ice cream was expected to and did reach the consumer without
14  substantial change in the condition in which it was sold.

15                                           7.

16         As the producer of ice cream, Dairy Brands is strictly liable under ORS 30.920 for
17  the reasonably foreseeable harms to Plaintiff suffered, described below.

18                                           8.

19         As the seller of ice cream, Dairy Brands is strictly liable under ORS 30.920 for the
20  reasonably foreseeable damages Plaintiff suffered, described below.

21         **SECOND CLAIM FOR RELIEF:  NEGLIGENCE PER SE -  DAIRY BRANDS**

22                                           9.

23         Plaintiff realleges paragraphs 1-8.

24                                          10.

25         The State of Oregon prohibits the manufacture, sale, delivery, holding or offering

**Law Office of Matthew Rizzo LLC.**
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1    for sale of any food that is adulterated. ORS 616.215(1). Among other things, a food is

2    deemed adulterated if it contains any deleterious substance which may render it

3    injurious to health. ORS 616.235(1)(a). A food also is deemed adulterated if it bears or

4    contains any nonnutritive substance. ORS 616.235(3)(c).

5                                                11.

6    By producing the ice cream that contained the unpitted cherry, Dairy Brands has violated

7    the statutory prohibition of ORS 616.215.

                                                12.

8    By selling the ice cream that contained the unpitted cherry, Dairy Brands has violated

9    the statutory prohibition of ORS 616.215.

10                                               13.

11   As a consumer, Plaintiff is a member of the class of persons intended to be

12   protected by ORS 616.215, and the injuries she suffered were of the kind that

13   ORS 616.215 was intended to prevent. By violating ORS 616.215, Dairy Brands was

14   negligent per se with respect to the injuries Plaintiff suffered.

15                                               14.

16   As a direct result of Dairy Brands' negligence per se, Plaintiff has suffered

17   reasonably foreseeable damages, described below.

18        **THIRD CLAIM FOR RELIEF:  NEGLIGENCE - DAIRY BRANDS**

19                                               15.

20   Plaintiff realleges paragraphs 1-14.

21                                               16.

22   The injuries that Plaintiff sustained from the unpitted cherry in the ice cream were a

23   direct result of Dairy Brands unreasonable and negligent conduct in general and in one or

24   more of the following particulars, by and through the actions and/or inactions of its

25   employees and/or agents acting within the course and scope of their employment

Page 3 of 9 – 1ˢᵗ AMENDED COMPLAINT

**Law Office of Matthew Rizzo LLC.**
850 SE 3ʳᵈ Ave, Ste 302
PORTLAND, OREGON  97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

Exhibit A - Page 15 of 22

1    and/or agency:

2         (a) Dairy Brands knew or should have known about the hazards and risks of an

3    unpitted cherry in ice cream, and failed to provide adequate safeguards

4    (including proper training of employees) to prevent selling ice cream containing cherry pits

5    unpitted cherries;

6         (b) Dairy Brands failed to adequately inspect and discover the unpitted cherry even

7    though the cherry pit jar's label warned of potential pit fragments;

8         (c) Dairy Brands failed to adequately warn customers of the possibility of

9    encountering whole pits; and

10        (d) Dairy Brands failed to properly keep unpitted cherries out of its ice cream.

11                                  17.

12        As a result of Defendant's negligence, Plaintiff sustained the reasonably

13   foreseeable injuries and damages alleged below.

14        **FOURTH CLAIM FOR RELIEF:  BREACH OF IMPLIED WARRANTY OF**

15                       **MERCHANTABILITY – DAIRY BRANDS**

16                                  18.

17        Plaintiff realleges paragraphs 1-17.

18

19                                  19.

20        At all material times, Dairy Brands was a merchant within the meaning of ORS

21   72.1040(1) with respect to the ice cream.

22                                  20.

23        Dairy Brands breached the implied warranty of merchantability set forth at ORS

24   72.3140 and the implied warranty of fitness set forth at ORS 72.3150 by selling Plaintiff

25   the ice cream, which would not pass without objection in the trade under the contract

Page 4 of 9 – 1ˢᵗ AMENDED COMPLAINT

**Law Office of Matthew Rizzo LLC.**
850 SE 3ʳᵈ Ave, Ste 302
PORTLAND, OREGON  97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

Exhibit A - Page 16 of 22

1   description was not fit for the ordinary purposes for which such goods are used and did

2   not conform to the promises or affirmations of fact made on the menu.

3                                 21.

4        As a direct result of the breaches described above, Plaintiff suffered the

5   reasonably foreseeable damages, described below.

6                                 22.

7        As a result of Defendant's strict liability, negligence per se, negligence, and

8   violations of the implied warranties of merchantability and fitness, one of Plaintiff's

9   teeth broke, requiring surgical repair. Plaintiff incurred approximately $15,000 in

10   dental/oral surgery charges and seek this amount in economic damage. She also seeks a

11   reasonable amount, in no event to exceed $100,000, in non-economic damages for her

12   pain and inconvenience.

13           **FIFTH CLAIM FOR RELIEF:  STRICT LIABILITY -  WINCO**

14                               23.

15        Plaintiff realleges paragraphs 1-22.

16                               24.

17        Under ORS 30.920, a seller of any product in a defective condition, unreasonably

18   dangerous to the consumer, is subject to liability for physical harm to the consumer if

19   the seller is engaged in the business of selling such a product, and the product is

20   expected to and does reach the consumer without substantial change in the condition in

21   which it is sold.

22                                 25.

23        The presence of a complete pit in one of the ice cream's cherries constituted a

24   defective condition that rendered the cherry/ice cream unreasonably dangerous to the

25

**Law Office of Matthew Rizzo LLC.**
850 SE 3ʳᵈ Ave, Ste 302
PORTLAND, OREGON  97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

consumer. The cherry/ice cream was expected to and did reach the consumer without substantial change in the condition in which it was sold.

26.

As the producer of ice cream, Winco is strictly liable under ORS 30.920 for the reasonably foreseeable harms to Plaintiff suffered, described below.

27.

As the seller of ice cream, Winco is strictly liable under ORS 30.920 for the reasonably foreseeable damages Plaintiff suffered, described below.

**SIXTH CLAIM FOR RELIEF:  NEGLIGENCE PER SE - WINCO**

28.

Plaintiff realleges paragraphs 1-27.

29.

The State of Oregon prohibits the manufacture, sale, delivery, holding or offering for sale of any food that is adulterated. ORS 616.215(1). Among other things, a food is deemed adulterated if it contains any deleterious substance which may render it injurious to health. ORS 616.235(1)(a). A food also is deemed adulterated if it bears or contains any nonnutritive substance. ORS 616.235(3)(c).

30.

By producing the ice cream that contained the unpitted cherry, Winco has violated the statutory prohibition of ORS 616.215.

31.

By selling the ice cream that contained the unpitted cherry, Winco has violated the statutory prohibition of ORS 616.215.

32.

As a consumer, Plaintiff is a member of the class of persons intended to be protected by ORS 616.215, and the injuries she suffered were of the kind that

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON  97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

1  ORS 616.215 was intended to prevent. By violating ORS 616.215, Winco was

2  negligent per se with respect to the injuries Plaintiff suffered.

3                                    33.

4       As a direct result of Winco's negligence per se, Plaintiff has suffered

5  reasonably foreseeable damages, described below.

6       **SEVENTH CLAIM FOR RELIEF:  NEGLIGENCE – WINCO**

7                                    34.

8       Plaintiff realleges paragraphs 1-33.

9                                    35.

10      The injuries that Plaintiff sustained from the unpitted cherry in the ice cream were a

11  direct result of Winco's unreasonable and negligent conduct in general and in one or

12  more of the following particulars, by and through the actions and/or inactions of its

13  employees and/or agents acting within the course and scope of their employment

14  and/or agency:

15      (a) Winco knew or should have known about the hazards and risks of an

16  unpitted cherry in ice cream, and failed to provide adequate safeguards

17  (including proper training of employees) to prevent selling ice cream containing

18  unpitted cherries;

19      (b) Winco failed to adequately inspect and discover the unpitted cherry even

20  though the cherry pit jar's label warned of potential pit fragments;

21      (c) Winco failed to adequately warn customers of the possibility of

22  encountering whole pits; and

23      (d) Winco failed to properly keep unpitted cherries out of its ice cream.

24  ///

25  ///

**Law Office of Matthew Rizzo LLC.**
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

36.

As a result of Defendant's negligence, Plaintiff sustained the reasonably foreseeable injuries and damages alleged below.

**EIGHTH CLAIM FOR RELIEF:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY -  WINCO**

37.

Plaintiff realleges paragraphs 1-36.

38.

At all material times, Winco was a merchant within the meaning of ORS 72.1040(1) with respect to the ice cream.

39.

Winco breached the implied warranty of merchantability set forth at ORS 72.3140 and the implied warranty of fitness set forth at ORS 72.3150 by selling Plaintiff the ice cream, which would not pass without objection in the trade under the contract description was not fit for the ordinary purposes for which such goods are used and did not conform to the promises or affirmations of fact made on the menu.

40.

As a direct result of the breaches described above, Plaintiff suffered the reasonable foreseeable damages, described below.

41.

As a result of Defendant's strict liability, negligence per se, negligence, and violations of the implied warranties of merchantability and fitness, one of Plaintiff's teeth broke, requiring surgical repair. Plaintiff incurred approximately $15,000 in dental/oral surgery charges and seek this amount in economic damage. She also seeks a

Law Office of Matthew Rizzo LLC.
850 SE 3ʳᵈ Ave, Ste 302
PORTLAND, OREGON  97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

reasonable amount, in no event to exceed $100,000, in non-economic damages for her pain and inconvenience.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1) Noneconomic damages in a sum not more than $100,000;

2) Economic damages for past, reasonable and necessary medical expenses in the approximate amount of $15,000, with additional amounts to be proven at trial;

3) Plaintiff's costs and disbursements herein;

4) Post-judgment interest; and

5) Whatsoever other relief this court finds just and necessary.

DATED this August 23, 2022.

/s/Matthew J. Rizzo

_____

Matthew J. Rizzo, OSB #950230
Email: mrizzo@rizzolawportland.com
Trial Attorney for Plaintiff

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

JULIE REILLY

          Plaintiff,

    v.

DFA DAIRY BRANDS ICE CREAM,
LLC & WINCO FOODS, LLC,


          Defendant.

CASE NO. 22CV24569

ACCEPTANCE OF SERVICE FOR
DEFENDANT DFA DAIRY BRANDS ICE
CREAM, LLC

      The undersigned attorney certifies he is authorized to accept service of
PLAINTIFF'S 1ST AMENDED COMPLAINT in this matter, and that he has received
service of PLAINTIFF'S 1ST AMENDED COMPLAINT in this matter for defendant
Dairy Brands Ice Cream, LLC listed in the caption above.

      DATED this August 30, 2022.

                    /s/Kenneth J. Abere, Jr.

                    Kenneth J. Abere, Jr., OSB # 942345
                    Attorney for Defendant

Page 1 of 1 -ACCEPTANCE OF SERVICE

**Law Office of Matthew Rizzo LLC**
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: (503) 405-9723
FACSIMILE: (503) 296-5447
EMAIL: mrizzo@rizzolawportland.com

Exhibit A - Page 22 of 22

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION** on the date indicated below by:

⊠      mail with postage prepaid, deposited in the US mail at Portland, Oregon,
☐      hand delivery,
☐      facsimile transmission,
☐      overnight delivery,
⊠      electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

Matthew J. Rizzo
Law Office of Matthew Rizzo
850 SE Third Ave., Ste. 302
Portland, OR  97214
mrizzo@rizzolawportland.com
      Attorneys for Plaintiff

Elizabeth K. Rhode
Gillaspy & Rhode PLLC
1220 SW Morrison, Suite 805
Portland, Oregon 97205
erhode@gillaspyrhode.com
      Attorneys for Defendant Winco Foods, LLC

DATED:  September 7, 2022.

*s/ Kenneth J. Abere, Jr.*
_____
Kenneth J. Abere, Jr.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019